■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD BAILEY, Appellant. [627 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered November 17, 1993, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of 3 to 9 years imprisonment.

Ordered that the judgment is affirmed.

As part of the plea agreement, the court promised to postpone sentencing so the defendant could enter a program operated by the Center for Alternative Sentencing and Employment Services. The court also promised the defendant that it would grant him youthful offender status and impose a probationary sentence if he successfully completed the program.

However, the court also expressly warned him that if he failed to successfully complete the program, the court would not grant youthful offender status and would impose a period of incarceration of up to 15 years. Accordingly, the court could properly impose an enhanced sentence when the defendant failed to enter the program without first affording him an opportunity to withdraw his guilty plea *(see, People v Avery,* 85 NY2d 503).

Moreover, upon review of the record, we are satisfied that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.