■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROBINSON, Appellant. [748 NYS2d 60]

The defendant was properly adjudicated a second violent felony offender, as he failed to meet his burden of establishing that his prior violent felony conviction was unconstitutionally obtained (*see generally People v Harris,* 61 NY2d 9; CPL 400.15 [7] [b]). Contrary to the defendant's contention, the transcripts of the prior plea allocution and sentence indicate that the promise of youthful offender treatment was conditioned on his participation in a rehabilitation program and avoiding rearrest. Accordingly, upon his failure to comply with these conditions, the court had the authority to sentence him as an adult without affording him an opportunity to withdraw his plea (*see People v Sanchez,* 254 AD2d 30; *People v Bailey,* 215 AD2d 769; *see also People v Figgins,* 87 NY2d 840).

The defendant's remaining contentions regarding the adequacy of the prior plea allocution are unpreserved for appellate review, as they were not raised at the hearing to controvert his status as a second violent felony offender (*see* CPL 470.05 [2]). In any event, the defendant failed to establish that the prior plea allocution was constitutionally defective (*see People v McGrath,* 43 NY2d 803; *People v Hannon,* 209 AD2d 319; *People v Boyle,* 111 AD2d 826).

The court amended the defendant's sentence to increase the period of postrelease supervision from 2½ years to 5 years based on the defendant's status as a second violent felony offender, as required by Penal Law § 70.45 (2). The defendant concedes that the sentence was properly amended in the event

his adjudication as a second violent felony offender is upheld on appeal. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.