■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIAN PADILLA, Appellant. [856 NYS2d 202]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered December 14, 2006, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On September 21, 2006 the defendant pleaded guilty to burglary in the second degree in full satisfaction of a multicount indictment. In return for the plea, the court promised that it would sentence the defendant to a determinate prison term of eight years, and added that it would also impose a period of post-release supervision. The court explained that, although the maximum term of post-release supervision was five years, it would impose a term of only three years. In the course of the ensuing allocution, the prosecutor revealed the People's intention to file a statement alleging that the defendant was a second violent felony offender.

On December 14, 2006 the defendant appeared for sentence. Upon his admission, he was adjudicated a second violent felony offender. The court then made inquiry regarding information in the presentence report suggesting that the defendant had been drinking alcohol on the night of the crime. The defendant explicitly waived any defense of intoxication and expressed the wish "to reaffirm his plea."

Thereafter, the court asked defense counsel whether she had anything to say prior to the imposition of sentence. She replied that, although her colleague from the Legal Aid Society who had represented the defendant at the plea had negotiated "the post-release supervision down to 3 years," the law required a period of five years' post-release supervision for the defendant who was a second violent felony offender. "Other than that," counsel said, "we're ready for sentence." The court replied that "[t]here was some discussion, but as is noted now on the record, [the defendant] is a predicate felon, and . . . that mandates

a 5-years post-release supervision period." Both the defendant and counsel were then offered an opportunity to address the court prior to the imposition of sentence. The defendant replied that he had nothing to say, and counsel declined to say anything further. The court thereupon imposed a sentence of eight years' incarceration and a five-year period of post-release supervision. The defendant appeals.

Contrary to the defendant's contention, as a second violent felony offender he was not eligible for a period of post-release supervision less than five years (*see* Penal Law § 70.45 [2]; *People v Robinson,* 297 AD2d 827 [2002]). This is not a case where the court, without comment, simply imposed a five-year period of post-release supervision instead of the promised three-year period (*cf. People v Catu,* 4 NY3d 242 [2005]). Rather, here the requirement that the court impose a five-year, as opposed to the promised three-year, period of post-release supervision was raised by defense counsel. After the court acknowledged the requirement and indicated its intent to comply, it gave both counsel and the defendant personally an opportunity to address the court. Although this opportunity was offered prior to the imposition of sentence, neither the counseled defendant nor his attorney moved to withdraw the plea or asked for time to consider doing so. Inasmuch as the defendant was given the opportunity, and declined, to move to withdraw his plea prior to the imposition of sentence, he may not now challenge the five-year period of post-release supervision (*cf. People v Louree,* 8 NY3d 541 [2007]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Elcine,* 43 AD3d 1176, 1177 [2007]) and, in any event, is without merit (*see People v Seeber,* 4 NY3d 780 [2005]). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.