█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORTEZ MADISON, Appellant. [897 NYS2d 363]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 24, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). We reject the contention of defendant that his plea was not voluntarily, knowingly and intelligently entered because he was not informed at the time of the plea that his sentence would include a period of postrelease supervision. Although County Court failed to advise defendant at the time of the plea that a period of postrelease supervision would be imposed, the record establishes that the court, upon recognizing its omission, brought defendant back to court several hours later and informed him that his sentence would include a five-year period of postrelease supervision. Defense counsel stated at that time that he had already informed defendant that a mandatory period of postrelease supervision would be imposed and defendant, upon questioning by the court, indicated that such information did not affect his willingness to

adhere to the plea agreement. We thus conclude under the circumstances of this case that defendant had the requisite notice that a period of postrelease supervision would be imposed and an opportunity to withdraw his plea (*see People v Padilla*, 50 AD3d 928, 929 [2008], *lv denied* 10 NY3d 938 [2008]; *cf. People v Louree*, 8 NY3d 541 [2007]).

Defendant further contends that the plea was not voluntarily, knowingly and intelligently entered because he did not recite the facts underlying the crimes charged. That contention, however, is actually a challenge to the factual sufficiency of the plea allocution, and defendant failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, that contention is without merit inasmuch as "there is no requirement that a defendant personally recite the facts underlying his or her crime[s]" (*People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]; *see People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement (*see Lopez*, 71 NY2d at 666). When asked by the court whether he committed the underlying acts, defendant responded in the affirmative (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Whipple*, 37 AD3d 1148 [2007]), and "he made no statement negating his guilt or any essential element of the crime" (*People v Spickerman*, 307 AD2d 774, 775 [2003], *lv denied* 100 NY2d 624 [2003]).

We also reject the contention of defendant that the court erred in determining that defendant voluntarily waived his *Miranda* rights prior to making certain statements to the police and thus erred in refusing to suppress those statements. The record of the suppression hearing establishes that, when a detective asked defendant whether he understood his *Miranda* rights as read to him by the detective, defendant nodded his head to indicate that he understood them and then proceeded to answer questions concerning the crimes (*see People v Brand*, 13 AD3d 820, 822-823 [2004], *lv denied* 4 NY3d 851 [2005]; *People v John*, 288 AD2d 848 [2001], *lv denied* 97 NY2d 705 [2002]; *People v Goncalves*, 288 AD2d 883, 884 [2001], *lv denied* 97 NY2d 729 [2002]).

Finally, we conclude that the court properly refused to suppress the identification of defendant by a witness at a showup procedure conducted approximately 15 minutes after the shooting, as well as the victim's identification of him from a photo array. The showup was conducted in geographical and temporal proximity to the crime (*see People v Newton*, 24 AD3d 1287,

1288 [2005], *lv denied* 6 NY3d 836 [2006]), and neither identification procedure was unduly suggestive (*see People v Webb*, 60 AD3d 1291, 1293 [2009], *lv denied* 12 NY3d 930 [2009]). Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.