# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1133**
**KA 10-01468**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAMON SESSION, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 20, 2010. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree, petit larceny and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, County Court properly refused to suppress certain statements that defendant made to the police after he was given *Miranda* warnings (*see generally People v Madison*, 71 AD3d 1422, 1423, *lv denied* 15 NY3d 753; *People v Glover*, 195 AD2d 999, *lv denied* 82 NY2d 849). Defendant failed to preserve for our review his further contention that the conviction of burglary in the second degree is not supported by legally sufficient evidence inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495), and we therefore reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to make a motion for a trial order of dismissal specifically directed at the error raised on appeal (*see People v Caban*, 5 NY3d 143, 152; *People v Johnson*, 81 AD3d 1428, *lv denied* 16 NY3d 896). Finally, viewing the evidence in light of the elements of the crime of burglary in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 348-349), we reject defendant's contention that the verdict with respect to that count is against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495).