■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE STEADMAN, Appellant. [764 NYS2d 820] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 27, 2002, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years with five years of postrelease supervision, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the adjudication as a second violent felony offender and substituting an adjudication as a second felony offender, with the same sentence, and otherwise affirmed.

As conceded by the People, defendant was incorrectly sentenced as a second violent felony offender because his purported violent felony conviction was in fact a youthful offender adjudication. However, the sentencing record establishes that defendant's sentence was lawful in that he is a second felony offender, predicated upon a class B nonviolent felony conviction in 1991. Furthermore, the sentence of five years clearly reflects the court's intent and there is no indication that the court intended to impose the lowest permissible sentence for this particularly vicious crime. In such circumstance, this Court, in the exercise of its discretion, may correct the description of a legal sentence without the necessity of a remand for resentencing (*see People v Benton*, 196 AD2d 755 [1993], *lv denied* 82 NY2d 891 [1993]).

The record establishes that defendant made a valid waiver of his right to appeal. The waiver was carefully explained by the court and there is nothing in the record to indicate that defendant's ability to understand the proceedings, including the waiver, was impaired by mental illness. This waiver encompassed the remaining issues raised by defendant on appeal (*People v Kemp*, 94 NY2d 831 [1999]; *People v Hidalgo*, 91 NY2d 733 [1998]). In any event, were we to find the waiver to be invalid or inapplicable to any of these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.