■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. CHESTNUT, Appellant. [795 NYS2d 366]—

Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 18, 2002, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was charged in an indictment with three counts of burglary in the first degree. He pleaded guilty to attempted burglary in the second degree, a class D violent felony, in full satisfaction of the indictment and waived his right to appeal. At the time of the plea, County Court advised defendant that, in addition to a term of imprisonment, his sentence would include a five-year period of postrelease supervision. Prior to sentencing, it was discovered that defendant had been previously convicted of criminal possession of a controlled substance in the fourth degree, a class C felony. County Court sentenced him on the attempted burglary conviction to a three-year prison term, to be followed by a five-year period of postrelease supervision.

Defendant's sole contention on appeal is that County Court erred in imposing upon him a five-year period of postrelease supervision, as opposed to a three-year period.

Initially, we note that Penal Law § 70.45 (2) provides, in pertinent part, that: "The period of post-release supervision for a determinate sentence shall be five years, except that such period shall be three years whenever a determinate sentence of imprisonment is imposed pursuant to section 70.02 of this article upon a conviction for a class D or class E violent felony offense . . ." The statutory scheme generally contemplates a five-year period of postrelease supervision for a defendant sentenced to a determinate term, unless the defendant was sentenced as a violent felon under Penal Law § 70.02, in which case the three-year period of postrelease supervision is applicable. In the case at bar, defendant was not sentenced under Penal Law § 70.02, but was sentenced as a second felony offender under Penal Law § 70.06 (6). Courts have imposed the five-year period of postrelease supervision upon defendants sentenced as second violent felony offenders (*see e.g. People v Reed*, 6 AD3d 554, 555 [2004], *lv denied* 3 NY3d 661 [2004]; *People v Robinson*, 297 AD2d 827, 827 [2002], *lv denied* 99 NY2d 563 [2002]; *People v Goss*, 286 AD2d 180, 183 [2001]) and no exception for defendants convicted of multiple felonies is provided for in Penal Law § 70.45 (2). Consequently, we find that County Court properly imposed a five-year period of postrelease supervision upon defendant in this case.

Mercure, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed. [Prior decision recalled and vacated and new decision substituted therefor by unpublished order entered June 20, 2005.]