■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. JORDAN, Appellant. [800 NYS2d 630]—

Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Suffolk County (Weber, J.), rendered March 12, 2004, as, upon his conviction of assault in the second degree, upon his plea of guilty, imposed a term of five years of post-release supervision.

Ordered that the sentence is affirmed insofar as appealed from.

Contrary to the defendant's contention, the County Court did not violate Penal Law § 70.45 by imposing a post-release supervision term of five years for his conviction of assault in the second degree. Pursuant to Penal Law § 70.45 (2), the period of post-release supervision for a determinate sentence "shall be five years except that . . . such period shall be three years whenever a determinate sentence is imposed pursuant to . . . section 70.02 of this article upon a conviction for a class D or class E violent felony offense." Although assault in the second degree is a class D violent felony, the defendant was adjudicated a second felony offender, and thus sentenced pursuant to Penal Law § 70.06 (6) rather than Penal Law § 70.02. Accordingly, the imposition of a five-year term of post-release supervision was required (see People v Chestnut, 18 AD3d 965 [2005]; People v Steadman, 308 AD2d 415 [2003]; People v Bell, 305 AD2d 694 [2003]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.