THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW HAWKINS, Appellant. [845 NYS2d 171]—

Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 8, 2005, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

On March 9, 2005 at approximately 10:00 P.M., Sullivan County Sheriff's Detective Jason Gorr was in an unmarked car patrolling an area known for high drug activity. He noticed defendant getting into the passenger side of a car at a gas station and recognized him as a participant in a drug sale involving an undercover police officer the previous day. Gorr followed the vehicle, which, according to Gorr, had excessively tinted windows and made a right turn without use of a directional after leaving the gas station. Gorr then radioed other uniformed officers in a marked car who subsequently stopped the vehicle.

Gorr, who was positioned at the rear passenger side of the car during the traffic stop, observed defendant slouch in his seat and reach towards the floor. He removed defendant from the car and was in the process of conducting a pat-down search when another officer arrived and saw the driver, codefendant Randall Ashley, reach towards the passenger side of the car. At that point, Ashley was removed from the vehicle and Gorr looked into the passenger side of the vehicle finding a loaded semiautomatic weapon under the passenger seat. Defendant was placed under arrest and, during a search of his person, was found to be in possession of marihuana and cocaine. Defendant was indicted for criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the third and fourth degrees and unlawful possession of marihuana.

Following a joint trial with Ashley, defendant was found guilty of all charges* and sentenced, as a second felony offender, to concurrent prison terms of seven years for the convictions of criminal possession of a weapon and criminal possession of a controlled substance in the third degree and a consecutive sentence of three years for criminal possession of a controlled substance in the fourth degree. In addition, defendant received three years of postrelease supervision; however, upon resentencing, that was changed to five years.

Initially, defendant contends that County Court erred in denying his pretrial motion to suppress the weapon and drugs, claim-

---

* County Court conditionally discharged the unlawful possession of marihuana conviction.

ing that there was no probable cause to stop and search the vehicle. Gorr's unrefuted testimony during the suppression hearing regarding his observation of traffic violations—namely, the failure to use a directional when making a right-hand turn (*see* Vehicle and Traffic Law § 1163 [b]) and the excessively tinted windows on the vehicle (*see* Vehicle and Traffic Law § 375 [12-a] [b] [2])—provided probable cause to justify the stop of the vehicle (*see People v Kelly*, 37 AD3d 866, 867 [2007], *lv denied* 8 NY3d 986 [2007]), and any underlying motive or pretext for the stop is irrelevant (*see People v Wright*, 98 NY2d 657, 658-659 [2002]; *People v Robinson*, 97 NY2d 341, 349 [2001]; *People v Douglas*, 42 AD3d 756, 757-758 [2007]).

Similarly unpersuasive is defendant's contention that the limited search of the vehicle by the police was improper. Although defendant and Ashley were out of the car, neither was handcuffed or restrained. Moreover, the vehicle had been followed from a drug trafficking area and defendant was a known participant in a recent drug transaction. This information, together with the furtive movements toward the passenger-side floor of the vehicle by both defendant and Ashley during the police encounter, justified the limited search of that area of the vehicle (*see People v Mundo*, 99 NY2d 55, 59 [2002]; *People v Carvey*, 89 NY2d 707 [1997]; *People v Jones*, 39 AD3d 1169, 1171 [2007]). Accordingly, we find no error in County Court denying defendant's motion to suppress the evidence found.

Next, defendant contends that his conviction of criminal possession of a controlled substance in the third degree is not supported by legally sufficient evidence inasmuch as there was inadequate proof of his intent to sell drugs. While defense counsel joined in the codefendant's motion for a trial order of dismissal asserting that the People failed to prove their case, this general challenge does not preserve for our review the issue of legal sufficiency (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Lozada*, 41 AD3d 1042, 1043 [2007]). In any event, were we to consider the issue, we would find it without merit. Testimony established that defendant participated in a recent drug sale and hid cocaine having a street value of $700 in his anal cavity. Taken together with the possession of a loaded weapon and viewed in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), this evidence is sufficient to infer defendant's intent to sell the cocaine (*see* Penal Law § 220.16 [1]; *People v Wright*, 283 AD2d 712, 714 [2001], *lv denied* 96 NY2d 926 [2001]). Furthermore, upon our independent review of the record, we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, we find without merit defendant's argument that the imposition of consecutive sentences was harsh and excessive (*see People v Almeida*, 39 NY2d 823, 824 [1976]). Furthermore, we do not agree that County Court erred in resentencing defendant from a three-year to a five-year period of postrelease supervision. Penal Law § 70.45 (2) provides, in relevant part, that "[t]he period of post-release supervision for a determinate sentence . . . shall be five years except that . . . (e) such period shall . . . [not be] more than three years whenever a determinate sentence of imprisonment is imposed pursuant to . . . section 70.02 of this article upon a conviction of a class D or class E violent felony offense." Possession of a weapon in the third degree is a class D violent felony, however, defendant was adjudicated a second felony offender and, therefore, sentenced pursuant to Penal Law § 70.06 (6) rather than Penal Law § 70.02. Accordingly, the imposition of a five-year period of postrelease supervision was statutorily required (*see People v Jordan*, 21 AD3d 907, 908 [2005], *lv denied* 5 NY3d 883 [2005]; *People v Chestnut*, 18 AD3d 965, 966 [2005]).

Defendant's argument regarding the charge given to the jury is not preserved for our review and, in any event, is unavailing. Finally, defendant's remaining contentions, including his claims that he was precluded from entering a guilty plea and was denied the effective assistance of counsel, have been reviewed and found to be without merit.

Mercure, Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.