■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAY WRIGHT, Appellant. [924 NYS2d 670]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 28, 2009, which resentenced defendant following his conviction of the crimes of robbery in the first degree (two counts) and criminal trespass in the first degree.

After a jury trial in 2001, defendant was found guilty of two counts of robbery in the first degree and one count of criminal trespass in the first degree. County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 10 years. In 2009, the court, having learned that it failed to impose the mandatory period of postrelease supervision, resentenced defendant to his original sentence plus five years of postrelease supervision. Defendant appeals and we affirm.

Defendant's contention that County Court erred when it advised him that there were no other sentencing options is unavailing. Defendant's argument is premised on Penal Law § 70.85, which provides that, under the circumstances here, "the court *may* . . . re-impose the originally imposed determinate sentence of imprisonment without any term of post-release supervision" (emphasis added). While, on its face, Penal Law § 70.85 is not limited to those cases in which a defendant pleaded guilty and would otherwise be entitled to withdraw his or her plea, that statute was not intended to provide an alternative to a court's exercise of its plenary power to correct an illegal sentence imposed upon a defendant following his or her conviction after a trial. In fact, the court may decline to impose postrelease supervision upon resentencing only with the People's consent (*see* Penal Law § 70.85). In this case, there is no indication in the record that the People gave such consent. Under these circumstances, the court did not fail to inform defendant of other resentencing options; there were none, as defendant was a second felony offender convicted of a violent felony offense and, thus, a determinate prison sentence and a period of postrelease supervision of five years was required by law (*see* Penal Law § 70.02 [1] [b]; [2]; § 70.06 [6]; § 70.45).

Nor do we find merit to defendant's contention that he was denied the effective assistance of counsel. As previously discussed, County Court's resentence was correct, and the record reveals that counsel provided meaningful representation, including making a request for and obtaining a recess in order to fully explain to defendant the resentencing proceedings (*see generally People v Caban*, 5 NY3d 143, 152 [2005]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Peters, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.