■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PORTER, Appellant. [944 NYS2d 392]—

Malone Jr., J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 21, 2011, which resentenced defendant following his conviction of the crime of assault in the second degree (two counts).

In September 2011, while an inmate at Great Meadow Correctional Facility in Washington County, defendant was convicted of two counts of assault in the second degree and sentenced as a second felony offender to concurrent prison terms of seven years (*People v Porter*, 304 AD2d 845 [2003], *lv denied* 100 NY2d 565 [2003]). Upon learning that the mandatory periods of postrelease supervision had not been imposed, County Court resentenced defendant to his original sentence plus five years of postrelease supervision. Defendant appeals.

Although Penal Law § 70.85 permits County Court to reimpose the original sentence, without adding any postrelease supervision, the court may do so only with the People's consent. Here, because there is no indication in the record that the People gave such consent, although they had the opportunity to do so, the court was required by law to impose upon defendant—a second felony offender convicted of violent felony offenses—a determinate sentence with postrelease supervision (*see* Penal Law § 70.00 [6]; § 70.06 [1] [a], [b]; § 70.45 [1]; *see also People v Wright*, 85 AD3d 1316, 1316 [2011]). As for defendant's remaining contentions, the resentencing did not amount to a violation of his double jeopardy rights—indeed, a determinate sentence imposed without a period of postrelease supervision is an illegal sentence (*see People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010])—and we are not persuaded that defendant was deprived of the effective assistance of counsel (*see generally People v Caban*, 5 NY3d 143, 152 [2005]; *People v Wright*, 85 AD3d at 1317).

Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.