■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY L. DOZIER, Appellant. [971 NYS2d 128]—

Appeal by the defendant from a resentence of the County Court, Westchester County (Hubert, J.), imposed April 5, 2012, upon his conviction of attempted burglary in the second degree under Westchester County indictment No. 10-0738, upon his plea of guilty, the resentence being a period of postrelease supervision of five years, instead of a period of postrelease supervision of three years, in addition to the determinate term of imprisonment previously imposed on April 21, 2011.

Ordered that the resentence is affirmed.

On February 22, 2011, the defendant pleaded guilty to attempted burglary in the second degree, a class D violent felony, in full satisfaction of charges pending against him under Westchester County indictment No. 10-0738. In exchange for his plea, the County Court promised the defendant that he would be sentenced to a determinate term of $3^{1}/_{2}$ years of imprisonment, and a five-year period of postrelease supervision. On April 21, 2011, the County Court sentenced the defendant to the promised determinate term of imprisonment, but imposed a three-year period of postrelease supervision instead of a five-year period of postrelease supervision. The People thereafter moved for resentencing, contending that the imposition of a five-year period of postrelease supervision was mandatory because the defendant had been adjudicated a second felony offender. The County Court granted the People's motion and, on April 5, 2012, resentenced the defendant so as to impose a five-year period of postrelease supervision.

The defendant contends that, at resentencing, the County Court should have considered whether a reduction in the incarceratory component of his sentence was warranted in view of the increase in the period of postrelease supervision imposed. However, the defendant was resentenced solely because, as a second felony offender convicted of a violent felony offense, he was subject to a mandatory five-year period of postrelease supervision, and the three-year period of postrelease supervision originally imposed by the County Court was illegal (see Penal Law § 70.45 [2]; People v Wright, 85 AD3d 1316 [2011]; People v Rivera, 51 AD3d 1267, 1270 [2008]; People v Jordan, 21 AD3d 907, 908 [2005]). Moreover, the sentence imposed at the resentencing proceeding was the same sentence originally promised to the defendant by the County Court in exchange for his plea of guilty. Under these circumstances, the County Court properly resentenced the defendant to correct the illegality in the term of postrelease supervision originally imposed, and to conform to the plea agreement.

The defendant further contends that the County Court erred

in denying his postjudgment motion for a "violent felony override" to make him eligible for various programs offered by the New York State Department of Corrections and Community Supervision (*see* 7 NYCRR 1900.4 [c] [1] [iii]; *People v Williams*, 84 AD3d 1417 [2011]). However, the propriety of the denial of the defendant's postjudgment motion is not properly before this Court on the present appeal from his resentence (*see* CPL 450.30 [1], [3]; *see also People v Berliner*, 168 AD2d 739 [1990]). Eng, P.J., Balkin, Leventhal and Miller, JJ., concur.