# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**4**

**KA 14-00465**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JERRY GILLARD, DEFENDANT-APPELLANT.

---

JERRY GILLARD, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), dated February 25, 2014. The order denied defendant's motion pursuant to CPL 440.10 and 440.20 to, among other things, vacate the judgment convicting defendant of attempted criminal possession of a weapon in the third degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 and 440.20 seeking to vacate the judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [former (4)]) or to set aside the sentence imposed thereon. County Court properly concluded that defendant should have been sentenced as a second felony offender to a period of five years' postrelease supervision rather than a period of one and a half years (*see People v Hawkins*, 45 AD3d 989, 992, *lv denied* 9 NY3d 1034; *People v Jordan*, 21 AD3d 907, 908, *lv denied* 5 NY3d 883). The court properly declined to vacate the judgment or set aside the sentence, however, inasmuch as defendant completed serving his sentence of incarceration and postrelease supervision and the Double Jeopardy clause precluded a resentence adding to the period of postrelease supervision (*see People v Williams*, 14 NY3d 198, 217, *cert denied* ___US ___, 131 S Ct 125). Further, inasmuch as defendant is subject to "lifetime parole supervision, the imposition of postrelease supervision following his imprisonment for [attempted criminal possession of a weapon] is duplicative and does not deprive him of the benefit of his plea

bargain" (*People v Haynes*, 14 AD3d 789, 791, *lv denied* 4 NY3d 831).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court