People v Hunter (2020 NY Slip Op 03407)





People v Hunter


2020 NY Slip Op 03407


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-02116
 (Ind. No. 15-01140)

[*1]The People of the State of New York, respondent,
v
Nashaun Hunter, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered November 16, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the Supreme Court improvidently exercised its discretion in declining to grant him youthful offender treatment, or that the sentence imposed was excessive (see People v Benson, 177 AD3d 994; see also People v Pacherille, 25 NY3d 1021, 1023-1024). Moreover, since the defendant's claim of ineffective assistance of counsel does not relate to the voluntariness of the plea, the defendant's valid and unrestricted waiver of his right to appeal forecloses appellate review of that claim (see People v Ceparano, 96 AD3d 774, 775).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court