People v Lopez (2020 NY Slip Op 04864)





People v Lopez


2020 NY Slip Op 04864


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-10333
2018-10334

[*1]The People of the State of New York, respondent,
v
Anthony Lopez, appellant. (Ind. Nos. 17-00185, 17-00952)


Scott M. Bishop, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), both rendered April 26, 2018, convicting him of assault in the second degree under Indictment No. 17-00185, and robbery in the first degree under Indictment No. 17-00952, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
On March 21, 2018, the defendant entered a plea of guilty to robbery in the first degree (Penal Law § 160.15) and, separately, a plea of guilty to assault in the second degree (Penal Law § 120.05[2]), each, respectively, in satisfaction of the charges pending against him in two separate indictments. Before the defendant was allocuted as to each of the charges, he waived his right to appeal the judgments entered on each of the convictions.
The defendant now appeals from both judgments of conviction contending that the plea allocution on the indictment which charged him with, inter alia, assault in the second degree (Penal Law § 120.05[2]) was insufficient to establish an essential element of the crime. The defendant makes no argument on the merits as to his plea to robbery in the first degree (Penal Law § 160.15).
Here, the record reflects that the defendant's plea to assault in the second degree was knowing, voluntary, and intelligent. The record also indicates that the defendant's waiver of his right to appeal as to each of the indictments was knowing, voluntary and intelligent. In its colloquy with the defendant, the Supreme Court differentiated the appellate rights that the defendant was agreeing to waive as a condition of the plea agreements from the rights the defendant was waiving by entering pleas of guilty, advised the defendant that not all appellate rights could be waived, and assured on the record that the defendant had "ample opportunity to discuss with counsel the meaning of the waiver and appellate rights he was surrendering . . . sufficient to support a knowing and voluntary waiver under the totality of the circumstances" (People v Thomas, 34 NY3d 545, 564; see People v Batista, 167 AD3d 69, 74).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his plea was not sufficient because it failed to include an essential element of the crime (see People v Lopez, 6 NY3d 248, 255; People v Griffin, 167 AD3d 934, 934).
We agree with the Supreme Court's determination denying the defendant's request for an order directing the Department of Correctional Services not to cut his hair (see CPL § 1.20[16][c]; Matter of Fludd v Goldberg, 51 AD3d 153, 157).
The defendant's remaining contention is without merit.
Accordingly, the judgments are affirmed.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court