People v Rivera (2020 NY Slip Op 07402)





People v Rivera


2020 NY Slip Op 07402


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-00176
 (Ind. No. 1453/05)

[*1]The People of the State of New York, respondent,
v
Enrique Rivera, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), entered October 24, 2017, as amended March 29, 2019, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the same court (Alan Marrus, J.), imposed June 8, 2009, upon his conviction of manslaughter in the first degree, upon a jury verdict.
ORDERED that the order is affirmed.
The defendant, who was convicted of manslaughter in the first degree, was sentenced as a second violent felony offender to 25 years of imprisonment, to be followed by 5 years of postrelease supervision. The Supreme Court denied the defendant's subsequent motion pursuant to CPL 440.20 to set aside the sentence on the ground that it was illegal. We affirm.
The defendant contends that since he was sentenced to the 25-year statutory maximum determinate term of incarceration for manslaughter in the first degree, the imposition of an additional 5-year term of postrelease supervision was illegal because, if the term of postrelease supervision were revoked, he would serve a custodial term exceeding the prescribed statutory maximum. We disagree.
A period of postrelease supervision is an "additional period" that must accompany every determinate sentence (Penal Law § 70.45[1]; see People v Munck, 4 AD3d 627, 628-629). Here, since the defendant was convicted of manslaughter in the first degree, a class B violent felony (see Penal Law § 70.02[1]), and was sentenced as a second violent felony offender to a 25-year determinate sentence (see Penal Law § 70.04[3][a]), he was properly subject to a 5-year period of postrelease supervision (see Penal Law § 70.45[2]; People v Dozier, 109 AD3d 838, 839). The statute contemplates that a defendant may be sentenced to a term of postrelease supervision beyond the maximum statutory term of imprisonment (see Penal Law § 70.45[2-a][d]; see also People v Munck, 4 AD3d at 628-629). Therefore, the defendant's contention that his sentence is illegal lacks merit.
The defendant's remaining contention is without merit.
MASTRO, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court