People v Thomas (2021 NY Slip Op 01431)





People v Thomas


2021 NY Slip Op 01431


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-00968
 (Ind. No. 18-00463)

[*1]The People of the State of New York, respondent,
v
Andre Thomas, appellant.


Geoffrey E. Chanin, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 14, 2018, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
A challenge to the legality of a sentence survives a valid waiver of the right to appeal and may be raised notwithstanding a plea of guilty (see People v Brisco, 174 AD3d 639). However, contrary to the defendant's contention, the County Court did not err in imposing a term of five years of postrelease supervision upon him. The defendant was convicted of assault in the second degree, a class D violent felony (see Penal Law §§ 120.05[2]; 70.02[1][c]), and adjudicated a second felony offender (see Penal Law § 70.06[1]). As a result, the defendant was properly subject to a five-year period of postrelease supervision (see Penal Law §§ 70.45[2]; 70.06[6]; People v Gillard, 126 AD3d 1285, 1285; People v Dozier, 109 AD3d 838, 839; People v Wright, 85 AD3d 1316; People v Hawkins, 45 AD3d 989, 992; People v Jordan, 21 AD3d 907, 908; People v Chestnut, 18 AD3d 965, 966).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court