People v Griffith (2022 NY Slip Op 00146)





People v Griffith


2022 NY Slip Op 00146


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Ind. No. 4291/17 Appeal No. 14704 Case No. 2019-03804 

[*1]The People of the State of New York, Respondent,
v
Anthony Griffith, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Diane Kiesel, J. at predicate felony determination; Barry E. Warhit, J. at plea and sentencing), rendered June 11, 2019, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the second violent felony offender adjudication, and remanding for resentencing in accordance with this decision.
As the People concede, defendant was incorrectly sentenced as a second violent felony offender based on a New Jersey robbery conviction that does not qualify as the equivalent of a New York felony (see People v Gilchrist, 223 AD2d 382 [1st Dept 1996]).
The People argue that despite this error there is no need for a remand for resentencing. They correctly assert that the 12-year sentence imposed remains within the lawful range of 3 ½ to 15 years, and cite statements by the court that it would not impose a sentence of less than 12 years (see People v Steadman, 308 AD2d 415 [1st Dept 2003], lv denied 1 NY3d 581 [2003]).
However, the People initially argued below that defendant was not only a second violent felony offender, but a persistent violent felony offender (Penal Law § 70.08). The record below indicates that the absence of a necessary witness forestalled a hearing on this latter question. Nonetheless, the possibility of such an adjudication was discussed on the day defendant decided to take the offered plea, with the court noting that he could face a life sentence if he was found to be a persistent violent felony offender.[FN1]
It is impossible to say whether the court's sentencing determination was colored by its misapprehension that defendant was a second violent felony offender based on his New Jersey conviction, or by its understanding that there was at least some possibility that defendant qualified as a persistent violent felony offender, which the People failed to prove. Accordingly, we remand for resentencing (see People v London, 196 AD3d 431 [1st Dept 2021]; People v Umstead, 134 AD3d 522 [1st Dept 2015], lv denied 27 NY3d 970 [2016]). On remand, the People may allege a different prior felony conviction, if
there is one, as a predicate felony.
In light of the remand, we do not reach defendant's remaining arguments concerning the invalidity of his waiver of appeal and the excessiveness of his sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: January 11, 2022



Footnotes

Footnote 1: Where a court finds that a defendant qualifies as a persistent violent felony offender, it "must" impose an indeterminate sentence with the maximum of life (Penal Law § 70.08[2]). A minimum sentence for a persistent violent felony offender convicted of robbery in the second degree, a C felony, is 16 to 25 years (Penal Law § 70.08[3][b]).