People v Williams (2022 NY Slip Op 01468)





People v Williams


2022 NY Slip Op 01468


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2020-00281
 (Ind. No. 18-530)

[*1]The People of the State of New York, respondent,
v
Patrick Williams, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered November 7, 2019, convicting him of burglary in the third degree (five counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to five counts of burglary in the third degree. Prior to sentencing, he moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing and imposed sentence. The defendant appeals.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Torres, 192 AD3d 831, 832). "In general, 'such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Hollmond, 191 AD3d 120, 136, quoting People v De Jesus, 199 AD2d 529, 530). "A defendant's contention that his or her plea was not knowing, voluntary, and intelligent survives a valid appeal waiver" (People v Torres, 192 AD3d at 832). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Hollman, 197 AD3d 484, 484).
Here, the Supreme Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Hollman, 197 AD3d at 484-485; People v Duart, 144 AD3d 1173, 1175). The defendant's assertions in support of his motion to withdraw his plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Haffiz, 19 NY3d [*2]883, 884; People v Turner, 195 AD3d 953, 954; People v Abreu, 184 AD3d 656, 656).
Contrary to the defendant's contention, the record demonstrates that he also knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 186 AD3d 1259, 1260; People v Hunter, 184 AD3d 754, 754). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255; People v Arce, 196 AD3d 696, 697).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court