People v Warren J. T. (2022 NY Slip Op 04980)

People v Warren J. T.

2022 NY Slip Op 04980

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2015-03890
 (Ind. No. 289/14)

[*1]The People of the State of New York, respondent,
v
Warren J. T., appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant, and appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered April 23, 2015, convicting him of assault in the second degree, stalking in the third degree, stalking in the fourth degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the People did not prove his guilt of stalking in the third degree and stalking in the fourth degree (two counts) by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Alston, 42 AD3d 468, 469). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt, including that the defendant manifested the requisite criminal intent (see generally People v Stuart, 100 NY2d 412, 426; Matter of Marcela H-A. v Azouhouni A., 132 AD3d 566, 567). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the prosecutor did not withhold exculpatory evidence from the defendant (see Brady v Maryland, 373 US 83). In order to establish a Brady violation, the defendant must show "(1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263). Here, the alleged Brady material consisted, in part, of evidence found on the defendant's person and, therefore, was known to him (see People v Doshi, 93 NY2d 499, 506; People v Martin, 137 AD3d 1058, 1058; People v LaRocca, 172 AD2d 628, 629), and in any case, that evidence was disclosed at the commencement of the trial. The other alleged Brady material consisted of evidence [*2]allegedly impeaching the credibility of the victim of the assault, which was disclosed in time for the defendant to use in cross-examining the victim of the assault. Thus, the purportedly belated disclosure of that material did not violate the defendant's right to a fair trial (see People v Cortijo, 70 NY2d 868, 870; People v Sanchez, 144 AD3d 1179).
The County Court properly denied the defendant's application to proceed pro se on the ground that the request was equivocal (see People v McIntyre, 36 NY2d 10, 17; People v Littlejohn, 92 AD3d 898, 898). The defendant refused to waive the assistance of counsel; rather, he wanted an adjournment to obtain new counsel. His request for an adjournment was properly denied in the court's discretion (see generally People v Struss, 79 AD3d 773, 774-775).
Moreover, defense counsel's application for a competency examination pursuant to CPL 730.10 was properly denied. A defendant is presumed competent, and the court is under no obligation to order an examination unless there is reason to believe that the defendant is an incapacitated person (see People v Morgan, 87 NY2d 878, 880), defined as a defendant who "as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense" (CPL 730.10[1]). The question of whether to order a CPL 730.10 examination lies within the discretion of the trial court (see People v Morgan, 87 NY2d at 879). Here, the defendant appeared to understand the proceedings against him and was able to assist in his own defense.
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant has served his term of imprisonment; therefore, whether the term of imprisonment was excessive is academic. His term of five years of postrelease supervision, imposed upon his conviction of assault in the second degree as a class D violent felony offense, and based upon his status as a second felony offender, was legal and mandatory (see Penal Law §§ 70.45[2]; 70.06[6]; People v Thomas, 192 AD3d 831, 831; People v Dozier, 109 AD3d 838, 839).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court