People v Barnes (2022 NY Slip Op 06256)

People v Barnes

2022 NY Slip Op 06256

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-07416
 (Ind. No. 53/19)

[*1]The People of the State of New York, respondent,
v
Alfred Barnes, appellant.

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Madeline Collins of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered August 26, 2020, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On December 12, 2019, the defendant entered a plea of guilty to attempted criminal possession of a weapon in the second degree. As part of the plea agreement, the defendant waived his right to appeal. On August 26, 2020, prior to sentencing, the defendant moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing and imposed sentence.
The defendant's waiver of his right to appeal was knowing, intelligent, and voluntary (see People v Thomas, 34 NY3d 545, 559-560; People v Green, 173 AD3d 1202, 1202; People v Koch, 168 AD3d 977, 978; People v Batista, 167 AD3d 69, 73-74). The Supreme Court accurately described the distinct rights forfeited by the appeal waiver (see People v Koch, 168 AD3d at 978; People v Rodriguez, 78 AD3d 1204, 1205; cf. People v Walder, 186 AD3d 1272, 1272). Furthermore, the nature and terms of the plea agreement and the defendant's age, experience, and background do not cast any doubt upon the validity of the appeal waiver (see People v Thomas, 34 NY3d at 565; People v Sanders, 112 AD3d 748, 750, affd 25 NY3d 337; cf. People v Fahey, 200 AD3d 978, 979).
"The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination" (People v Matos, 176 AD3d 976, 976; see People v Kemp, 94 NY2d 831, 833; People v Stevenson, 196 AD3d 705, 706).
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Matos, 176 AD3d at 976, citing CPL 220.60[3]; see People v Hollmond, 191 AD3d 120, 136). "Such a motion 'must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Matos, 176 AD3d at 976, quoting People v De Jesus, 199 AD2d 529, 530; see People v [*2]Prunesti, 193 AD3d 984, 985). "Only in rare instances will a defendant be entitled to an evidentiary hearing upon a motion to withdraw a plea of guilty" (People v Matos, 176 AD3d at 976 [internal quotation marks omitted]). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see id.; People v Boria, 157 AD3d 811, 812), and nothing in the record supports the conclusion that, at the time of the plea proceeding, the defendant lacked the capacity to understand the nature of the proceedings or the consequences of his plea (see People v Jones, 207 AD3d 563, 564; People v Manzanales, 170 AD3d 752, 753; People v DeBenedetto, 120 AD3d 1428, 1429). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea without a hearing.
The defendant's challenge to the procedure used to adjudicate him a second violent felony offender is unpreserved for appellate review (see People v Lollie, 204 AD3d 1430, 1431; People v Stevens, 171 AD3d 1106, 1108, citing CPL 470.05[2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court