People v McClurkin (2024 NY Slip Op 04783)

People v McClurkin

2024 NY Slip Op 04783

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-05275
 (Ind. No. 70317/20)

[*1]The People of the State of New York, respondent,
v
Bryan McClurkin, appellant. 

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Liora M. Ben-Sorek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered May 12, 2023, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal sale of a controlled substance in the third degree. Prior to sentencing, the defendant moved to withdraw his plea of guilty. The Supreme Court denied the motion without a hearing and imposed sentence. The defendant appeals.
The defendant's contention that his plea of guilty was not entered knowingly, voluntarily, and intelligently is partially unpreserved for appellate review (see People v Gaity, 216 AD3d 667, 668). In any event, the defendant's contention is without merit.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Williams, 203 AD3d 850, 851). "Such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea" (People v Barnes, 210 AD3d 792, 793 [internal quotation marks omitted]). "A defendant's contention that his or her plea was not knowing, voluntary, and intelligent survives a valid appeal waiver" (People v Torres, 192 AD3d 831, 832). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927).
Here, the record demonstrates that the plea was knowingly, voluntarily, and intelligently entered (see People v Edwards, 223 AD3d 840, 841; People v Barnes, 210 AD3d at 793; People v Williams, 203 AD3d at 851). Nothing in the record supports the conclusion that, at the time of the plea proceedings, the defendant lacked the capacity to understand the nature of the proceedings or the consequences of his plea (see People v Edwards, 223 AD3d at 841; People v Barnes, 210 AD3d at 793). Further, contrary to the defendant's contention, the Supreme Court clearly advised him that the sentence was separate from, and would not run concurrently with, any sentence for a parole violation. Accordingly, the court providently exercised its discretion in denying the defendant's motion to withdraw his plea without a hearing.
The defendant's remaining contention is without merit.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court