People v Callejo (2025 NY Slip Op 02600)

People v Callejo

2025 NY Slip Op 02600

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2023-05217
 (Ind. No. 71079/22)

[*1]The People of the State of New York, respondent,
v
Joel Callejo, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Myeonghwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dineen Riviezzo, J., at plea; Karen Gopee, J., at sentence), rendered May 25, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, criminal possession of a weapon in the second degree. After that branch of his omnibus motion which was to suppress physical evidence was denied, the defendant entered into a plea agreement pursuant to which he waived his right to appeal.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Downing, 233 AD3d 965, 966; People v Powell, 233 AD3d 898, 898), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, he acknowledged that he had discussed the appeal waiver with his attorney, as well as executed a written waiver of his right to appeal. "Thus, it cannot be said that the defendant 'received no material benefit from his appeal waiver,' or that the appeal waiver 'was a gratuitous after-the-fact additional demand asserted after the bargain had already been struck'" (People v White, 234 AD3d 884, 884-885, quoting People v Sutton, 184 AD3d 236, 245). Contrary to the defendant's contention, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see id.; People v Downing, 233 AD3d at 966).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the Supreme Court's suppression determination (see People v Vidal, 233 AD3d 1055, 1055; People v Barnes, 210 AD3d 792, 793).
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court