People v Aponte

2026 NY Slip Op 02127

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

John Aponte, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2022-06425, (Ind. No. 216/19)

Betsy Barros, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Yaniv Kot and Chelsey Amelkin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Sawyer White of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), rendered July 22, 2022, convicting him of making a terroristic threat (four counts), aggravated harassment in the second degree (nine counts), criminal contempt in the second degree, and obstructing governmental administration in the second degree (eight counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of six years, to be followed by a period of postrelease supervision of five years, on each of the convictions of making a terroristic threat under counts 3, 4, 5, and 20 of the indictment and concurrent definite terms of incarceration of one year on each of the remaining misdemeanor convictions.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the terms of imprisonment imposed on the convictions of making a terroristic threat under counts 3, 4, 5, and 20 of the indictment from determinate terms of imprisonment of six years to determinate terms of imprisonment of four years, and (2) by directing that the sentences imposed on the convictions of making a terroristic threat under counts 4, 5, and 20 of the indictment shall run concurrently with each other and consecutively to the sentence imposed on the conviction of making a terroristic threat under count 3 of the indictment, for a total term of imprisonment of eight years; as so modified, the judgment is affirmed.

In May 2019, the defendant was charged with, among other crimes, assault in the third degree. In 2021, additional charges were brought against the defendant, including making a terroristic threat (Penal Law § 490.20), in connection with threatening letters he sent to the Supreme Court and an assistant district attorney assigned to the case. In August 2021, the defendant was admitted to Kirby Forensic Psychiatric Center (hereinafter Kirby). In September 2021, Kirby issued a report determining that the defendant was fit to proceed. Thereafter, defense counsel requested additional examinations pursuant to CPL 730.10, which the Supreme Court denied, finding the defendant fit to proceed to trial. After a jury trial, the defendant was convicted of making a terrorist threat (four counts), aggravated harassment in the second degree (nine counts), criminal contempt in the second degree, and obstructing governmental administration (eight counts), and acquitted of assault in the third degree and attempted assault in the third degree.

"Although [a] defendant is presumed competent, '[a]t any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of [*2]sentence, . . . the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person'" (People v Sloane, 238 AD3d 899, 901 [citation and internal quotation marks omitted], quoting CPL 730.30[1]). "An 'incapacitated person' is 'a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense'" (People v Phillips, 16 NY3d 510, 516, quoting CPL 730.10[1]; see People v Sloane, 238 AD3d at 901-902). "The question of whether to order a CPL 730.10 examination lies within the discretion of the trial court" (People v Warren J.T., 208 AD3d 689, 691; see People v Morgan, 87 NY2d 878, 880).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to order a further examination with regard to the defendant's competency. Although the defendant had previously been deemed unfit to proceed, he had been reevaluated and found competent following his admission to Kirby. "The court was entitled to give weight to the findings and conclusions of the defendant's most recent competency examination, which found him fit to proceed, and to its own observations of the defendant" (People v Soto, 23 AD3d 586, 586; see People v Forrest, 186 AD3d 1395, 1397; People v King, 171 AD3d 1217, 1217). Further, the court recognized the defendant's ability to communicate with the court and defense counsel, as well as his ability to understand and participate in the proceedings whenever he chose to do so (see People v Sloane, 238 AD3d at 902; People v Clark, 189 AD3d 1453, 1456).

The defendant's contention that the Supreme Court imposed a harsher sentence as punishment for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (see People v Douglas, 200 AD3d 795, 798). In any event, "the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not, standing alone, establish that the defendant was punished for exercising his right to trial" (id. at 799 [internal quotation marks omitted]; see People v Emanuel, 239 AD3d 767, 769). However, the sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).

BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court