# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**251**

**KA 10-00251**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

FREDDIE O. COLLINS, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 9, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts) and criminal possession of a weapon in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, County Court properly instructed the jury on counts one through three of the indictment with respect to the automobile presumption (*see* § 265.15 [3]). Those counts concerned the sawed-off shotgun recovered from the vehicle in which defendant was a passenger and, in this case, there was no "clearcut" evidence at trial that the shotgun was found in the possession of a specified passenger in the vehicle other than defendant (*People v Lemmons*, 40 NY2d 505, 511). In such circumstances, the "[automobile] presumption's applicability is properly left to the trier of fact under an appropriate charge" (*id.* at 512).

We reject defendant's further contention that the suppression court erred in determining that the traffic stop was permissible. It is well established that the police may lawfully stop a vehicle for a traffic infraction of excessively tinted windows (*see People v McGriff*, 219 AD2d 829, 830). In this case, the testimony adduced at the suppression hearing established that the police officers' traffic stop was supported by the requisite probable cause to believe that there had been a violation of Vehicle and Traffic Law § 375 (12-a) (b) (*see People v Estrella*, 48 AD3d 1283, 1285, *affd* 10 NY3d 945, *cert*

*denied* 555 US 1032; *see also People v Binion*, 100 AD3d 1514, 1515).
Specifically, one of the officers testified that the vehicle had "dark
tinted windows" and that he could "just barely see that there was an
occupant in the driver's seat."

As defendant correctly concedes, he failed to preserve for our
review his contention that the court erred by instructing the jury
with respect to constructive possession (*see People v Carr*, 59 AD3d
945, 946, *affd* 14 NY3d 808), and we decline to exercise our power to
review that contention as a matter of discretion in the interest of
justice (*see* CPL 470.15 [6] [a]).  We further conclude that defendant
was not denied effective assistance of counsel based on defense
counsel's failure to object to the charge (*see generally People v
Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court