Egan Jr., J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 30, 2009, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and resisting arrest.
In October 2008, defendant left a residence in the Town of Southport, Chemung County that was under surveillance for suspected drug activity. As defendant’s vehicle passed by, two members of the surveillance team observed that the windows of the car appeared to be tinted in violation of Vehicle and Traffic Law § 375 (12-a) (b). This information was relayed to a patrol officer, and defendant thereafter was pulled over for an equipment violation in the City of Elmira, Chemung County. As the officer approached the vehicle, defendant rolled down the window, at which time the officer noticed a “very strong odor of marihuana” emanating from the vehicle. When the officer asked defendant whether he had any marihuana in his possession, defendant became agitated and fled the scene. A chase ensued and, following a struggle with various law enforcement officials on the lawn of his residence, defendant was handcuffed and transported to the local police station. At that time, a small digital scale and a quantity of what appeared to be crack cocaine were observed on the ground where the struggle had occurred.
As a result of this incident, defendant was indicted and charged with criminal possession of a controlled substance in the third degree and resisting arrest. Following a jury trial, defendant was convicted on both counts and thereafter was sentenced, as a second felony offender, to an aggregate prison term of 12 years followed by three years of postrelease supervision. This appeal ensued.
Defendant initially contends that County Court erred in failing to suppress the physical evidence seized following the traffic stop. We disagree. Probable cause to believe that an individual has violated a provision of the Vehicle and Traffic Law “provides an objectively reasonable basis for the police to stop a vehicle” (People v Pealer, 20 NY3d 447, 457 n 2 [2013]; see People v McLean, 99 AD3d 1111, 1111-1112 [2012], lv denied 20 NY3d 1013 [2013]; People v Garcia, 30 AD3d 833, 834 [2006]). Here, the officer in question was justified in stopping defendant’s vehicle in *1027 the first instance based upon what he believed to be excessively tinted windows (see Vehicle and Traffic Law § 375 [12-a] [b]; People v Fagan, 98 AD3d 1270, 1271 [2012], lv denied 20 NY3d 1061 [2013]; People v Hawkins, 45 AD3d 989, 991 [2007], lv denied 9 NY3d 1034 [2008]; People v Daguilar, 158 AD2d 857, 858 [1990]; People v Osborne, 158 AD2d 740, 741 [1990], lv denied 75 NY2d 968 [1990]).[1] Upon approaching defendant’s vehicle, the officer detected a “very strong odor of marihuana” and, thereafter, defendant falsely indicated that he was on his way home from school, thus providing the officer with “a founded suspicion that criminality [was] afoot [and] permitting questions that focused on defendant’s possible wrongdoing” (People v Kindred, 100 AD3d 1038, 1039 [2012] [internal quotation marks and citation omitted], lv denied 21 NY3d 913 [2013]; see People v Wallgren, 94 AD3d 1339, 1341 [2012]). In response to such questioning, defendant fled the scene, and the cocaine and scales ultimately recovered were found on the ground after defendant was subdued in the yard of his residence. Under these circumstances, we discern no basis upon which to suppress the foregoing evidence.
Nor do we find merit to defendant’s pro se claim that the People failed to establish a proper chain of custody. Simply put, the detailed testimony offered by the relevant forensic scientist, evidence custodian and law enforcement officials regarding the collection, securing and testing of the cocaine at issue “provide^] ‘the necessary reasonable assurances of the identity and unchanged condition of the drugs to authenticate that evidence’ ” (People v Green, 90 AD3d 1151, 1154 [2011], lv denied 18 NY3d 994 [2012], quoting People v Danford, 88 AD3d 1064, 1067 [2011], lv denied 18 NY3d 882 [2012]). Contrary to defendant’s assertion, the fact that the drugs apparently were not photographed does not create a gap in the chain of custody and, even assuming that a discrepancy existed with respect to the manner in which the cocaine was packaged, any defect in this regard would affect the weight to be accorded such evidence, not its admissibility (cf. People v Danford, 88 AD3d at 1067).
Defendant next contends that County Court erred in failing to conduct a sufficient inquiry to ascertain whether a particular juror was grossly unqualified. The record reveals, however, that *1028 defendant neither voiced any objection to the inquiry undertaken by the trial court nor moved to disqualify the juror in question. Accordingly, this issue is not preserved for our review (see People v Viera, 75 AD3d 926, 927 [2010]; People v Cecunjanin, 67 AD3d 1072, 1077 [2009], mod on other grounds 16 NY3d 488 [2011]; cf. People v Blond, 96 AD3d 1149, 1152-1153 [2012], lv denied 19 NY3d 1101 [2012]). In any event, the record fails to disclose any basis upon which to find that the juror in question “possesse[d] a state of mind which would [have] prevented] the rendering of an impartial verdict” (People v Buford, 69 NY2d 290, 298 [1987] [internal quotation marks and citation omitted]), which is the standard for rendering a juror grossly unqualified to serve (see People v Guy, 93 AD3d 877, 877-878 [2012], lv denied 19 NY3d 961 [2012]).
Finally, we reject defendant’s assertion that he was denied the effective assistance of counsel — a claim premised in large measure upon trial counsel’s alleged failure to adequately confer with defendant and her purported unwillingness to pursue what defendant viewed as viable trial strategies.[2] Initially, to the extent that defendant contends that counsel failed to sufficiently confer with and adequately explain the underlying motion practice or trial strategy to him, this claim implicates matters outside the record and, as such, is more properly considered in the context of a CPL article 440 motion (see People v McCray, 96 AD3d 1160, 1161 [2012], lv denied 19 NY3d 1104 [2012]). As to the balance of defendant’s claim, the case law makes clear that “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the defendant will be deemed to have received the effective assistance of counsel” (People v Bahr, 96 AD3d 1165, 1166 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 1024 [2012]; see People v Jordan, 99 AD3d 1109, 1110-1111 [2012], lv denied 20 NY3d 1012 [2013]).
Despite defendant’s protestations to the contrary, the record reveals that trial counsel made appropriate motions and objections, presented cogent opening and closing statements, effectively cross-examined the People’s witnesses and advanced a plausible defense, thereby establishing that defendant received meaningful assistance (see People v O’Daniel, 105 AD3d 1144, 1147 [2013]). Although defendant and trial counsel apparently disagreed as to what might constitute a viable defense, defend *1029 ant has failed to establish the absence of a strategic or otherwise legitimate explanation for counsel’s purportedly deficient performance (see People v Izzo, 104 AD3d 964, 967 [2013]). Further, “[t]here can be no denial of effective assistance of trial counsel arising from counsel’s failure to make a motion or argument that has little or no chance of success” (People v Bahr, 96 AD3d at 1167 [internal quotation marks and citations omitted]). Having found no merit to defendant’s arguments with respect to the seizure of or failure to photograph the drugs in question, the sufficiency of the corresponding chain of custody evidence and the asserted juror disqualification (see supra), neither trial counsel nor suppression counsel can be faulted for the manner in which these issues were addressed. In short, based upon our review of the record as a whole, we are satisfied that defendant received meaningful representation — both at his trial and at the underlying suppression hearing. Defendant’s remaining contentions, including his assertion that the sentence imposed is harsh and excessive, have been examined and found to be lacking in merit.
Stein, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.

. Although the officer also was aware of defendant’s potential involvement in the underlying drug surveillance, the officer’s actual motive or subjective intent for effectuating the stop was irrelevant (see People v Wallgren, 94 AD3d 1339, 1340-1341 [2012]; People v Hawkins, 45 AD3d at 991; People v Garcia, 30 AD3d at 834; People v Brooks, 23 AD3d 847, 849 [2005], lv denied 6 NY3d 810 [2006]).

. Defendant also contends that he received ineffective assistance of counsel at the underlying suppression hearing, at which time he was represented by another public defender.