Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered July 20, 2016, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Margulis, J.), of those branches of the defendant’s omnibus motion which were to suppress physical evidence. Ordered that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree under counts one and two of the indictment and criminal possession of a weapon in the third degree under count three of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant’s omnibus motion which was to suppress the gun recovered from the defendant’s car is granted. The police stopped the defendant’s car and recovered a knife from his pocket while frisking him after he was removed from the car. Later, during an inventory search of the car, the police recovered a gun from the car. Following a hearing, the Supreme Court denied those branches of the defendant’s motion which were to suppress the knife recovered from his person and the gun recovered from his car. The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts). He appeals from the judgment of conviction. In challenging the Supreme Court’s denial of those branches of his omnibus motion which were to suppress physical evidence, the defendant contends that the stop of his vehicle was not justified, and that the People did not establish the lawfulness of the search of his vehicle at the suppression hearing. The Supreme Court properly denied that branch of the defendant’s omnibus motion which was to suppress the knife recovered from his person following the stop of the vehicle that he was driving. A police officer’s observation of what are suspected to be excessively tinted vehicle windows, in violation of Vehicle and Traffic Law § 375 (12-a) (b), may justify a stop of that vehicle (see People v Brock, 107 AD3d 1025, 1026-1027 [2013]; People v Collins, 105 AD3d 1378, 1379 [2013]; People v Hawkins, 45 AD3d 989, 991 [2007]; People v McKane, 267 AD2d 253 [1999]). In this case, New York City Police Department Officer Kenneth Sepulveda, whose testimony regarding the stop was found credible by the court, testified that the window tints on the car that the defendant drove were dark, that it was hard for Officer Sepulveda to see inside the car, that “[a]nything under 70 percent light transmittance is a summonsable offense,” that he observed the defendant’s car from a distance of “[a] couple of feet,” that nothing obstructed his view and there were street lights, that the defendant’s car “passed directly passed [sic] me making a left,” and that although he did not recall receiving training regarding tinted windows, he had experience in this area, having made thousands of stops and written hundreds of summonses for illegally tinted windows. Thus, contrary to the defendant’s contention, and to our dissenting colleague’s conclusion, the police lawfully stopped the defendant’s car due to an apparent violation of Vehicle and Traffic Law § 375 (12-a) (b) (see People v Brock, 107 AD3d at 1026-1027; People v Collins, 105 AD3d at 1379; People v Hawkins, 45 AD3d at 991; People v McKane, 267 AD2d at 253). However, because the People failed to establish the lawfulness of the inventory search of the defendant’s car, the Supreme Court erred in denying that branch of the defendant’s omnibus motion which was to suppress the gun recovered from his car. Although the uncovering of incriminating evidence may not be the purpose of an inventory search, incriminating evidence found during a valid inventory search will not be suppressed (see People v Padilla, 21 NY3d 268, 272 [2013]; People v Johnson, 1 NY3d 252, 256 [2003]). To further the goals justifying the exception, “an inventory search should be conducted pursuant to ‘an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably’ ” (People v Johnson, 1 NY3d at 256, quoting People v Galak, 80 NY2d 715, 719 [1993]; see People v Gomez, 13 NY3d 6, 10 [2009]). The police procedure must be standardized so as to “limit the discretion of the officer in the field” (People v Galak, 80 NY2d at 719). “Thus, two elements must be examined: first, the relationship between the search procedure adopted and the governmental objectives that justify the intrusion and, second, the adequacy of the controls on the officer’s discretion” (id.). In other words, there must be evidence of the policy as to inventory searches and that the particular inventory search at issue complied with that policy, and the court must evaluate the adequacy of the policy itself, to ensure that it furthers the proper goals of and limits on inventory searches (see People v Gomez, 13 NY3d at 11; People v Galak, 80 NY2d at 719). The written policy itself need not be entered into evidence, but there must be some evidence of what the procedure requires (see People v Gomez, 13 NY3d at 11; People v Taylor, 92 AD3d 961, 962 [2012]), and the officer’s compliance with it (see People v Padilla, 21 NY3d at 272). Here, no testimony was given at the suppression hearing about the content of any New York City Police Department policy regarding the conduct of inventory searches, or the officer’s compliance with it. In the absence of any evidence satisfying the People’s burden of establishing the lawfulness of the search of the defendant’s automobile, the Supreme Court should have granted that branch of the defendant’s motion which sought suppression of the handgun found during that search (see People v Gomez, 13 NY3d at 10-11; People v Russell, 13 AD3d 655, 657 [2004]). The defendant’s contention that various remarks made by the prosecutor throughout the trial deprived him of a fair trial is only partially preserved for appellate review (see CPL 470.05 [2]). In any event, while some of the prosecutor’s comments were improper, they did not deprive the defendant of a fair trial (see People v Naqvi, 132 AD3d 779, 781 [2015]). Viewing the record as a whole, the defendant was afforded meaningful representation, and thus, was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]; People v Yi Qiu, 129 AD3d 1111, 1112 [2015]; People v Fields, 127 AD3d 782, 784 [2015]). The defendant’s remaining contentions are without merit. Leventhal, J.P., Hinds-Radix and Brathwaite Nelson, JJ., concur.