People v Rowe (2020 NY Slip Op 07228)





People v Rowe


2020 NY Slip Op 07228


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-00184
 (Ind. No. 121/19)

[*1]The People of the State of New York, respondent,
v
Jason Rowe, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot,
and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered October 21, 2019, convicting him of criminal possession of forgery devices (22 counts), unlawful possession of a skimmer device in the second degree, and operating a motor vehicle with excessively tinted windows, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (John F. Zoll, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50.
The defendant was indicted for criminal possession of a forgery device (22 counts), unlawful possession of a skimmer device in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree, operating a motor vehicle with excessively tinted windows, and operating a vehicle without a license. In his omnibus motion, the defendant moved to suppress physical evidence recovered during a search of his vehicle. At a suppression hearing, the People presented evidence that on the evening of April 26, 2018, a police officer observed the defendant operating a vehicle with excessively tinted windows and stopped the vehicle. The officer requested the defendant's license and registration. Upon learning that the defendant's license was suspended in New York, the officer arrested the defendant. The officer's partner drove the defendant's vehicle back to the precinct. During a subsequent inventory search of the defendant's vehicle, the officers recovered numerous forgery devices.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Diaz, 146 AD3d 803, 804 [citations omitted]). "A suppression court's credibility findings are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Bookman, 131 AD3d 1258, 1260).
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence. The credible evidence at the hearing established [*2]that the police officers lawfully stopped the defendant's vehicle due to an apparent violation of Vehicle and Traffic Law § 375(12-a)(b)(2) (see People v Vanderpool, 157 AD3d 831; People v Bacquie, 154 AD3d 648, 649; People v Brock, 107 AD3d 1025, 1026-1027; People v Collins, 105 AD3d 1378, 1379). The officers had the right to request that the defendant produce his license and registration (see People v Foster, 153 AD3d 853, 854; People v Graham, 54 AD3d 1056, 1058). Upon learning that the defendant had a suspended driver's license, the officers had probable cause to arrest the defendant (see Vehicle and Traffic Law § 511[1][a]; People v Foster, 153 AD3d at 853; People v Clayton, 57 AD3d 557, 558). Finally, the People met their burden of establishing the validity of the inventory search through evidence that the officers properly conducted the search pursuant to established police procedures (see People v Echevarria, 173 AD3d 638; People v Edwards, 163 AD3d 712, 714; People v Taylor, 92 AD3d 961, 962-963).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence.
MASTRO, J.P., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court