People v Romero (2021 NY Slip Op 05991)





People v Romero


2021 NY Slip Op 05991


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-11903
 (Ind. No. 2207/18)

[*1]The People of the State of New York, respondent,
v
Justin Romero, appellant.


Law Office of Mark A. Bederow, P.C., New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered September 26, 2019, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephanie Zaro, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[1][b]; [3]), after a jury trial, arising out of a traffic stop of the defendant's vehicle on the Queens side of the Midtown Tunnel, during which, inter alia, the police recovered a firearm from the vehicle.
In an omnibus motion, the defendant moved, inter alia, to suppress the firearm, contending that the stop was unlawful as his vehicle was not in violation of the Vehicle and Traffic Law. After a hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the firearm.
Contrary to the defendant's contention on appeal, the police officer had probable cause to stop the vehicle driven by the defendant. "[T]he stop of an automobile is a seizure implicating constitutional limitations" (People v Spencer, 84 NY2d 749, 752; see People v Hinshaw, 35 NY3d 427, 430). "[W]here a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate article I, § 12 of the New York State Constitution" (People v Robinson, 97 NY2d 341, 349; see People v Hinshaw, 35 NY3d at 430-431). An officer is not chargeable with knowledge of the legal registration and equipment requirements of every state in order to effectuate a proper stop for a violation of New York State law (see People v Estrella, 10 NY3d 945, 946; see also People v Guthrie, 25 NY3d 130, 135-136). Further, "[a] suppression court's credibility findings are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Bookman, 131 AD3d 1258, 1260, affd 28 NY3d 967; see People v Rowe, 189 AD3d 894, 895).
Here, the Supreme Court found the police officer's testimony at the suppression hearing to be credible, and the record supports the court's findings that the stop and the subsequent detention of the defendant were both lawful and based on probable cause (see People v Rowe, 189 AD3d at 895; People v Bookman, 131 AD3d at 1260). Thus, we decline to disturb those findings (see People v Rowe, 189 AD3d at 895; People v Bookman, 131 AD3d at 1260).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a mixed claim of ineffective assistance (see People v Rodriguez, 170 AD3d 1045; People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review it on this direct appeal (see People v Rodriguez, 170 AD3d at 1045; People v Hili, 158 AD3d 647, 648).
The defendant's remaining contentions are without merit.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court