People v Anderson (2022 NY Slip Op 04816)

People v Anderson

2022 NY Slip Op 04816

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-13183
 (Ind. No. 1284/17)

[*1]The People of the State of New York, respondent,
v
John Bruno Anderson, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered September 17, 2019, convicting him of criminal possession of a forged instrument in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (David S. Zuckerman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, criminal possession of a forged instrument in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree. In his omnibus motion, the defendant moved, among other things, to suppress physical evidence recovered during an inventory search of his vehicle and certain statements he made to law enforcement officials while seated in the back of a police vehicle prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436). After a suppression hearing, the Supreme Court denied those branches of the defendant's omnibus motion. Subsequently, the defendant pleaded guilty to criminal possession of a forged instrument in the second degree and aggravated unlicensed operation of a motor vehicle in the third degree, without waiving his right to appeal.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Rowe, 189 AD3d 894, 895 [internal quotation marks omitted]; see People v Diaz, 146 AD3d 803, 804). "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (People v Turner, 203 AD3d 758, 760 [internal quotation marks omitted]; see People v Rowe, 189 AD3d at 895).
Here, the People met their burden of establishing the validity of the inventory search through evidence that the officers properly conducted the search pursuant to established police procedures (see People v Padilla, 21 NY3d 268, 272-273; People v Rowe, 189 AD3d at 896; People v Edwards, 163 AD3d 712, 714). Moreover, the evidence at the suppression hearing supported the [*2]Supreme Court's determination that the defendant was not in custody when he made his pre-Miranda statements. The defendant, after being informed that his driver license was revoked and that he was not permitted to drive his vehicle from the scene, was told that he was not under arrest, discussed being "drop[ped] off" by the police, and was seated in the back of the police vehicle, without handcuffs, with his personal items, including his cell phone (see People v Brown, 177 AD3d 763, 765; People v Chess, 162 AD3d 1577, 1580; cf. People v Torres, 172 AD3d 758, 761).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court