People v Nektalov (2022 NY Slip Op 22409)

People v Nektalov

2022 NY Slip Op 22409 [78 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 26, 2023

[*1]

The People of the State of New York, Respondent,
v
Samual Nektalov, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 23, 2022

APPEARANCES OF COUNSEL

New York City Legal Aid Society (Rachel L. Pecker and Lawrence Hausman of counsel) for appellant.
Melinda Katz, District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Emily Aguggia of counsel), for respondent.

{**78 Misc 3d at 3} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]). The accusatory instrument and supporting deposition together allege, among other things, that, on March 11, 2018, at 5 p.m., defendant was seated in the front passenger seat of a car that had been stopped for excessively tinted windows and that a glass jar containing marihuana was observed in open view in the center console of the vehicle. Additionally it was alleged that a police detective recovered a ziplock bag of cocaine from defendant's pants pocket and another ziplock bag was found inside defendant's sock. He concluded that the jar contained marihuana, based on his training and on a field test of the substance, and that the substance recovered from the ziplock bags was cocaine, based upon his experience as a police officer and [*2]training in the packaging and identification of controlled substances.
After a Mapp/Dunaway hearing, which resulted in an order of the Criminal Court (Toko Serita, J.) dated June 20, 2019, denying defendant's suppression motion, and after waiving prosecution by information, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in satisfaction of the accusatory instrument (Jerry M. Iannece, J.), and sentence was imposed.
On appeal, defendant challenges the facial sufficiency of the count to which he pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), contending that the accusatory instrument contained a conclusory assertion that the controlled substance he allegedly possessed was cocaine. Additionally, defendant contends that the motion to suppress the evidence should have been granted since the stop of the vehicle was unlawful and, in any event, his arrest was unlawful as the proof at the hearing failed to establish that he was in possession of the marihuana found by the detective in the center console cup holder.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be{**78 Misc 3d at 4} evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). So long as the factual allegations of an accusatory instrument provide an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d 225, 231-232 [2009]; Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d 354, 360 [2000]).
Pursuant to Penal Law § 220.03, a person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance (with certain exceptions not applicable here). Penal Law § 220.00 (5) defines a "[c]ontrolled substance" as any substance listed in schedule I, II, III, IV or V of Public Health Law § 3306, "other than marihuana," and cocaine is listed in schedule II (b) (4). Standing alone, a conclusory statement that a substance seized from a defendant is a particular type of controlled substance does not meet the reasonable cause requirement (see Dumas, 68 NY2d at 731 [the charge must be "supported by evidentiary facts showing the basis for th(at) conclusion"]). Rather, the factual allegations must establish the basis for the police officer's belief that the substance seized was a particular type of controlled substance (see Kalin, 12 NY3d at 229; Dumas, 68 NY2d at 731). Under Kalin and its progeny, an information charging a violation of Penal Law § 220.03 is sufficient when it
"adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer's familiarity with and training regarding the identification of the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal{**78 Misc 3d at 5} drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Kalin, 12 [*3]NY3d at 231-232; see People v Smalls, 26 NY3d 1064, 1067 [2015]).
[1] Here, we find that the factual allegations contained in the accusatory instrument, when reviewed under the lower standards applicable to a complaint, were clearly sufficient to establish the basis for the detective's conclusion that the substance recovered was cocaine. The accusatory instrument explained that the detective had formed his belief based on the fact that the cocaine was packaged in plastic ziplock bags found in defendant's pants pocket and sock, and that, based on the detective's training and experience in the packaging and identification of controlled substances, he was able to identify this narcotic (see People v Jennings, 34 Misc 3d 137[A], 2011 NY Slip Op 52407[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011], affd 22 NY3d 1001 [2013]; People v Collins, 23 Misc 3d 138[A], 2009 NY Slip Op 50914[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, the accusatory instrument sufficiently charged the offense of criminal possession of a controlled substance in the seventh degree as it (1) alleged facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]), (2) "establish[ed] reasonable cause to believe that . . . defendant committed the charged offense" (Dumay, 23 NY3d at 522; see CPL 100.40 [4]), and (3) provided defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dumay, 23 NY3d at 524; see People v Batts, 53 Misc 3d 153[A], 2016 NY Slip Op 51729[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Under New York law, an automobile stop "is a seizure implicating constitutional limitations" (People v Spencer, 84 NY2d 749, 752 [1995]; see People v Hinshaw, 35 NY3d 427, 430 [2020]). The Court of Appeals has stated that "the graduated framework set forth in People v De Bour (40 NY2d 210 [1976]) and People v Hollman (79 NY2d 181 [1992]) for evaluating the constitutionality of police-initiated encounters with private citizens applies with equal force to traffic stops" (People v Garcia, 20 NY3d 317, 319-320 [2012]). Thus, automobile stops are lawful when based on probable cause that a driver has committed a traffic violation (People v Robinson, 97 NY2d 341, 349-350 [2001]).
[2] Contrary to defendant's contention, the credible evidence at the Mapp/Dunaway hearing, where the detective testified{**78 Misc 3d at 6} that he stopped defendant's vehicle for having "excessively tinted windows," was sufficient to establish that the detective had probable cause to lawfully stop the "vehicle due to an apparent violation of Vehicle and Traffic Law § 375 (12-a) (b) (2)" (People v Rowe, 189 AD3d 894, 895 [2d Dept 2020]; see People v Brock, 107 AD3d 1025 [3d Dept 2013]; People v Fagan, 98 AD3d 1270 [4th Dept 2012]). Moreover, the detective's testimony at the hearing that he noticed, in plain view, a mason jar filled with marihuana in the cup holder of the front center console of the vehicle was sufficient to establish that the arrest was lawful, since the officer had probable cause to believe that the marihuana was, contrary to defendant's contention, readily accessible and available to defendant who was in close proximity to the marihuana, such that the factual circumstances support an inference of defendant's dominion and control over the marihuana (see People v Manini, 79 NY2d 561, 573 [1992]; People v Carter, 60 AD3d 1103, 1105 [3d Dept 2009]; People v Facey, 30 Misc 3d 138[A], 2011 NY Slip Op 50224[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In view of the foregoing, we perceive no basis to disturb the hearing court's order denying defendant's motion to suppress the evidence.
We note that defendant's guilty plea constituted a forfeiture of his statutory speedy trial claims (see People v O'Brien, 56 NY2d 1009 [1982]). The recent amendment to CPL 30.30 (6), [*4]which did not go into effect until after this prosecution commenced, does not apply retroactively (see People v Galindo, 38 NY3d 199 [2022]).
Accordingly, the judgment of conviction is affirmed.
Weston, J. (dissenting and voting to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum). At issue on this appeal is whether or not the police had probable cause to lawfully stop the vehicle the defendant was riding in. The law is clear that automobile stops are lawful only when based on probable cause (People v Wright, 98 NY2d 657 [2002]; see People v Robinson, 97 NY2d 341, 349-350 [2001]).
In People v Bacquie (154 AD3d 648, 649 [2d Dept 2017]), the arresting officer's testimony regarding the stop was found credible by the court because the officer
"testified that the window tints on the car that the defendant drove were dark, that it was hard for [the officer] to see inside the car, that '[a]nything {**78 Misc 3d at 7}under 70 percent light transmittance is a summonsable offense,' that he observed the defendant's car from a distance of '[a] couple of feet,' that nothing obstructed his view and there were street lights, that the defendant's car 'passed directly passed [sic] me making a left,' and that although he did not recall receiving training regarding tinted windows, he had experience in this area, having made thousands of stops and written hundreds of summonses for illegally tinted windows."
At the Mapp/Dunaway hearing herein, the sole witness to testify was the arresting officer, who stated that he was in an unmarked vehicle at about 5 p.m. when he "observed a 2002 Honda traveling with excessively tinted windows"; he then stopped the vehicle.[FN1]
On this bare-bones record, the majority concludes that the vehicle was properly stopped because the car apparently violated Vehicle and Traffic Law § 375 (12-a) (b) (2). There is absolutely nothing in this record, credible or otherwise, to support that conclusion. The officer never testified as to how he came to the conclusion that the windows were excessively tinted as the officer did in Bacquie (154 AD3d 648); rather, he merely stated that they were tinted.[FN2]
An officer "must indicate specific and articulable facts which, along with any logical deductions, reasonably prompted [an] intrusion" (People v Cantor, 36 NY2d 106, 113 [1975]; People v Laviscount, 116 AD3d 976, 978 [2d Dept 2014]). The uncontroverted testimony at the hearing was that the officer stopped the vehicle based solely on his whim that the vehicle had "excessively tinted" windows. It has long been held that a stop may not be "the product of mere whim, caprice, or idle curiosity" (People v Ingle, 36 NY2d 413, 420 [1975]; see Bacquie, 154 AD3d 648).
[*5]
Here, the People failed to meet their burden of proof for this traffic stop. Even if the majority concludes that the officer's testimony was credible, the record is still devoid of probable cause for the traffic stop.
Accordingly, I vote to reverse the judgment of conviction and dismiss the accusatory instrument.{**78 Misc 3d at 8}
Aliotta, P.J., and Buggs, J., concur; Weston, J., dissents in a separate memorandum.

Footnotes

Footnote 1:Upon being signaled, the vehicle immediately stopped.

Footnote 2:The law does not prohibit tinted windows; rather, the law prohibits tinted windows under 70% light transmittance.