People v Reedy (2022 NY Slip Op 07397)

People v Reedy

2022 NY Slip Op 07397

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, AND MONTOUR, JJ.

1001 KA 21-01032

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA L. REEDY, DEFENDANT-APPELLANT. 

CRAIG M. CORDES, SYRACUSE, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered June 21, 2021. The judgment convicted defendant upon his plea of guilty of aggravated driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the omnibus motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Steuben County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of aggravated driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [2-a] [b]; 1193 [1] [c] [i] [B]), defendant contends that County Court erred in refusing to suppress physical evidence and statements that he made to the police. We agree.
Specifically, defendant contends that the stop of defendant's vehicle was unlawful because the evidence before the suppression court is insufficient to establish that the arresting police officer had probable cause to believe that defendant had committed a traffic violation. At the suppression hearing, the officer testified that he stopped the vehicle after he visually estimated defendant's speed at 82 miles per hour in a 65 mph zone, and there was no testimony that the officer used a radar gun to establish defendant's speed. While it is well-settled that a qualified police officer's testimony that he or she visually estimated the speed of a defendant's vehicle may be sufficient to establish that a defendant exceeded the speed limit (see People v Olsen, 22 NY2d 230, 232 [1968]), here, the People failed to establish the officer's training and qualifications to support the officer's visual estimate of the speed of defendant's vehicle (see generally People v Smith, 162 AD2d 999, 999 [4th Dept 1990], lv denied 76 NY2d 896 [1990]). Thus, inasmuch as the People failed to meet their burden of showing the legality of the police conduct in stopping defendant's vehicle in the first instance, we conclude that the court erred in refusing to suppress the physical evidence and defendant's statements obtained as a result of the traffic stop. Because our determination results in the suppression of all evidence supporting the crime charged, the indictment must be dismissed (see People v Dortch, 186 AD3d 1114, 1116 [4th Dept 2020]).
In light of our determination, we need not reach defendant's remaining contention.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court