People v Duncan (2023 NY Slip Op 03646)

People v Duncan

2023 NY Slip Op 03646

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

529 KA 21-01061

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIUS T. DUNCAN, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered April 8, 2021. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). We affirm.
Defendant contends that a traffic stop initiated after a police officer allegedly observed that the vehicle in which defendant was riding had an illegal window tint was unlawful and that County Court therefore erred in refusing to suppress evidence seized as a result of that traffic stop. As an initial matter, defendant's contention that, at the probable cause hearing, the People failed to establish the police officer's training and qualifications with respect to his ability to visually estimate the tint of the subject window (see People v Reedy, 211 AD3d 1629, 1630 [4th Dept 2022]) is not properly before us because that argument is raised for the first time in defendant's reply brief (see People v James, 162 AD3d 1746, 1747 [4th Dept 2018], lv denied 32 NY3d 1112 [2018]).
Affording great deference to the court's resolution of credibility issues at the suppression hearing, as we must (see generally People v Prochilo, 41 NY2d 759, 761 [1977]), we conclude that the record supports the court's determination that the police officer lawfully stopped the vehicle in which defendant was riding because the officer had probable cause to believe the vehicle had excessively tinted windows, in violation of Vehicle and Traffic Law
§ 375 (12-a) (b) (see People v Daniels, 117 AD3d 1573, 1574 [4th Dept 2014]; People v Brock, 107 AD3d 1025, 1026-1027 [3d Dept 2013], lv denied 21 NY3d 1072 [2013]; People v Collins, 105 AD3d 1378, 1379 [4th Dept 2013], lv denied 21 NY3d 103 [2013]).
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because defendant was coerced into accepting the plea by statements made by the court. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that contention for our review (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We agree with defendant, as the People correctly concede, that inasmuch as the plea proceeding and sentence reflect defendant's status as a second felony drug offender with a prior violent offense (see Penal Law § 70.71 [1] [b], [c]), the record confirms that the court merely [*2]misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender with a prior violent offense. We therefore note that the amended uniform sentence and commitment form must be corrected to reflect that defendant was sentenced as a second felony drug offender with a prior violent felony conviction (see People v Lewis, 208 AD3d 989, 992 [4th Dept 2022], lv denied 39 NY3d 941 [2022]).
We have considered defendant's remaining contentions and conclude they do not warrant reversal or modification of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court