People v Ortega (2024 NY Slip Op 24050)

[*1]

People v Ortega (Edwin)

2024 NY Slip Op 24050

Decided on February 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570136/21

The People of the State of New York, Respondent,
against
Edwin Ortega, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the Criminal Court of the City of New York, Bronx County (Jeffrey Rosenblueth, J., at plea; Tara A. Collins, J. at sentencing), each rendered July 21, 2021, convicting him, upon his pleas of guilty, of obstructing governmental administration in the second degree and unauthorized use of a vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Jeffrey Rosenblueth, J., at plea; Tara A. Collins, J. at sentencing), each rendered July 21, 2021, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the accusatory instruments only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument under docket number 2021BX002004 was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe, at a minimum, that defendant was guilty of obstructing governmental administration in the second-degree (see Penal Law § 195.05), the offense to which he pleaded guilty. The instrument recited that a police officer observed defendant driving a vehicle with "dark, tinted windows;" that when the officer activated his lights and siren, defendant pulled over, but as the officer approached on foot, defendant "accelerated and drove away"; and that defendant drove into two snow embankments and refused repeated requests to stop driving his vehicle. These allegations were sufficient for pleading purposes to establish that defendant intentionally obstructed a police officer from performing an "official function" (Penal Law § 195.05; see People v Sumter, 151 AD3d 556 [2017]), namely, a vehicle stop supported by probable cause to believe that there had been a violation of Vehicle and Traffic Law § 375 (12-a) (see People v Collins, 105 AD3d 1378, 1379 [2013], lv denied 21 NY3d 1003 [2013]; People v Estrella, 48 AD3d 1283, 1285 [2008], affd 10 NY3d 945 [2008], cert denied 555 US 1032 [2008]; see also People v Bacquie, 154 AD3d 648, 649 [2017], lv denied 30 NY3d 1113 [2018], [*2]cert denied 586 US —, 139 S Ct 102 [2018]). 
The accusatory instrument under docket number 2021BX002005, charging defendant with various felonies and misdemeanors, was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of, at a minimum, petit larceny (see Penal Law § 155.25). While admittedly sparse, the instrument recited that the complainant Robert Mosely (Robert) exited the driver's seat of his vehicle and went into a store while defendant was seated in the passenger seat; that the vehicle had a cellphone and $2,000 in it; that informant Cynthia Mosely then confronted defendant about the vehicle and defendant stated "yeah, I took it"; and that complainant Robert was "the legal custodian of the above referenced property and ... did not give defendant permission or authority to take or exercise control over the above referenced items." These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights," thereby satisfying the "taking" element of the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). Furthermore, defendant's larcenous intent is inferable from the surrounding circumstances of his actions (see People v Olivo, 52 NY2d at 320 n 8; see also People v Jennings, 69 NY2d at 118).
Since the charged Class A misdemeanor of petit larceny was jurisdictionally valid, the court had jurisdiction to accept defendant's plea to an equal grade offense, the uncharged Class A misdemeanor of unauthorized use of a vehicle in the third degree (see People v Thiam, 34 NY3d 1040 [2019]; People v Keizer, 100 NY2d 114, 117-119 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2024