# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 50
The People &c.,
     Respondent,
   v.
Samual Nektalov,
     Appellant.

Rachel L. Pecker, for appellant.
Joseph M. DiPietro, for respondent.
Center for Appellate Litigation, amicus curiae.

SINGAS, J.:

Defendant claims that the prosecution failed to meet its burden in establishing that law enforcement had probable cause to stop the vehicle in which he was a passenger. We agree.

I.

In 2018, NYPD Detective Gregory Fortunato and his partner observed a car with "excessively tinted windows" traveling on a public road. Detective Fortunato pulled the car over and, upon approaching, observed marijuana in plain view.[1] The officers arrested and searched defendant, recovering two bags containing cocaine from him. Defendant moved to suppress the drugs, arguing, among other things, that the officers lacked probable cause to stop the vehicle on the basis of a traffic violation.

At the suppression hearing, Detective Fortunato testified that he pulled the vehicle over because he observed that it was traveling with "excessively tinted windows," but failed to elaborate further. Criminal Court denied defendant's suppression motion, finding, as relevant here, that "Detective Fortunato properly stopped the vehicle in which defendant was a passenger because the car apparently violated [Vehicle and Traffic Law] § 375 (12-a) (b) (2) for having excessively tinted windows."

Defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree. The Appellate Term affirmed, with one Justice dissenting (78 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). The court held that Detective Fortunato's testimony sufficiently established "that the detective had probable cause to lawfully stop the vehicle due to an apparent violation of Vehicle and Traffic Law § 375

---

[1] At the time of the stop, possession of "marihuana in a public place" and which was "open to public view" was prohibited (see former Penal Law § 221.10 [1]).

(12-a) (b) (2)" (*id.* at 6 [internal quotation marks omitted]). A Judge of this Court granted defendant leave to appeal (39 NY3d 1156 [2023]).

II.

Vehicle and Traffic Law § 375 (12-a) (b) generally provides that "[n]o person shall operate any motor vehicle upon any public highway, road[,] or street" with windows which have a light transmittance of less than 70%. An automobile stop may be lawfully effectuated where law enforcement has "probable cause that a driver has committed" a traffic violation (*see People v Hinshaw*, 35 NY3d 427, 430 [2020]). The relevant question for a suppression court in determining whether law enforcement had probable cause is whether "the officer who stopped the car reasonably believed the windows to be over-tinted in violation of" the Vehicle and Traffic Law (*see People v Estrella*, 10 NY3d 945, 946 [2008]; *People v Hicks*, 68 NY2d 234, 238 [1986]).

When a defendant challenges "the sufficiency of the factual predicate for the stop," it is the People's burden "to come forward with evidence sufficient to establish that the stop was lawful" (*People v Balkman*, 35 NY3d 556, 559 [2020]). "Summary statements that the police had arrived at a conclusion that sufficient cause existed will not do" (*People v Bouton*, 50 NY2d 130, 135 [1980]). Rather, the prosecution must establish "the basis for [the] belief" that law enforcement possessed the requisite suspicion in the form of "facts, not assurances" (*id.* at 135-136). While review of probable cause determinations typically presents a mixed question of law and fact, "when an issue arises as to the standard by which probable cause is measured—the minimum showing necessary to establish probable

cause—a question of law is presented for review" (*People v McRay*, 51 NY2d 594, 601 [1980]).  Such question is presented here.

The full extent of Detective Fortunato's testimony regarding the tinted windows was that the windows were "excessively tinted."  Window tints are not categorically impermissible under New York law; they are only prohibited for specified windows to the extent that they allow less than 70% light transmittance (Vehicle and Traffic Law § 375 [12-a] [b]).  Detective Fortunato's testimony that the tint was "excessive" is, thus, effectively a legal conclusion that the tint violated the Vehicle and Traffic Law.  Yet, the People failed to elicit any factual basis for this conclusion.  The detective did not testify, for example, that the windows were so dark that he could not see into the vehicle (*see People v Biggs*, 208 AD3d 1343 [2d Dept 2022]; *People v Brown*, 169 AD3d 1258 [3d Dept 2019]; *People v Collins*, 105 AD3d 1378 [4th Dept 2013]) or that he had training and experience in identifying illegally tinted windows or conducting this type of stop (*see People v Jones*, 90 NY2d 835, 837 [1997]; *People v Bacquie*, 154 AD3d 648, 649 [2d Dept 2017]).  Nor did the detective testify that he measured the tint after stopping the vehicle and the results confirmed that the tint level violated the Vehicle and Traffic Law, which could have provided objective, corroborative evidence of the reasonableness of his conclusion (*see Estrella*, 10 NY3d at 946; *People v Swift*, 185 AD3d 1442, 1443 [4th Dept 2020]).  Without more, the record is bereft of evidence of its basis to support the detective's conclusory belief that the tinted windows violated the law.  Consequently, Criminal Court should have granted defendant's motion to suppress.  Given our holding, we do not reach defendant's remaining arguments.

Accordingly, the order of the Appellate Term should be reversed and the accusatory instrument dismissed.

Order reversed and accusatory instrument dismissed. Opinion by Judge Singas. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman and Halligan concur.

Decided May 16, 2024