People v Rush (2025 NY Slip Op 50484(U))

[*1]

People v Rush (James)

2025 NY Slip Op 50484(U)

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1303 N CR

The People of the State of New York, Appellant,
against
James Rush, Respondent. 

Nassau County District Attorney (Hilda Mortensen and John B. Latella of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman and Gregory R. Springsted of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Lisa M. Petrocelli, J.), dated September 22, 2023. The order granted the branches of defendant's motion seeking to strike the People's statement of readiness and dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, the branches of defendant's motion seeking to strike the People's statement of readiness and dismiss the accusatory instrument on statutory speedy trial grounds are denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for a determination of the remaining branch of defendant's motion and for all further proceedings.
Defendant was charged in an information with obstructing governmental administration in the second degree (Penal Law § 195.05 [1]). The factual portion of the accusatory instrument alleged that, at approximately 8:30 p.m. on September 7, 2022, upon an officer conducting a traffic stop of defendant's vehicle for excessively tinted windows (see Vehicle and Traffic Law § 375 [12-a] [b]), defendant "did exit [the] vehicle without being asked to and was ordered by [the officer] to re-enter the vehicle" but "then refused" to do so and "did refuse to provide identification after being asked numerous times."
The People timely filed a certificate of compliance (COC) with discovery and statement of readiness (SOR) for trial, which included a certification pursuant to CPL 30.30 (5-a). Thereafter, defendant moved, in relevant part, to strike the SOR as illusory on the ground that the accusatory instrument was facially insufficient and to dismiss the accusatory instrument on the ground that he was consequently denied his statutory right to a speedy trial. The District Court, finding that the information was facially insufficient, granted the branches of defendant's motion seeking to strike the SOR and dismiss the accusatory instrument on statutory speedy trial grounds. The instant appeal by the People ensued.
Criminal Procedure Law § 30.30 (5-a) provides that "a statement of readiness shall not be valid unless the prosecuting attorney certifies" that the accusatory instrument is facially sufficient. As to the facial sufficiency of an information, "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see People v Konieczny, 2 NY3d 569, 576 [2004]). The law does not require that an information contain the most precise words or phrases most clearly expressing the charges (see Konieczny, 2 NY3d at 575).
As is relevant here, a person is guilty of obstructing governmental administration when he or she "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05 [1]). Here, the information sufficiently alleged the obstruction of a governmental function by stating that, while the officer was performing the official function of a traffic stop on a motor vehicle for excessively tinted windows (see People v Nektalov, 42 NY3d 363 [2024]; People v Rowe, 189 AD3d 894, 895 [2020]; People v Antoine, 49 Misc 3d 138[A] 2015 NY Slip Op 51565[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), defendant, having exited the vehicle without being prompted by the officer, physically interfered with that official function by refusing to get back into the vehicle when the officer ordered him to do so (see People v Graham, 54 AD3d 1056, 1057 [2008]; People v Romeo, 9 AD3d 744, 745 [2004]; People v Bucalo, 60 Misc 3d 130[A], 2018 NY Slip Op 50990[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Williams, 55 Misc 3d 134[A], 2017 NY Slip Op 50478[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). With respect to the element of defendant's intent, for pleading purposes, the requisite mental state was sufficiently alleged on the basis of a logical inference from defendant's actions and the surrounding circumstances (see Williams,2017 NY Slip Op 50478[U]; People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As the information charging defendant with obstructing governmental administration in the second degree was facially sufficient, the court erred in striking the SOR. Consequently, the People did not exceed their statutory speedy trial time pursuant to CPL 30.30.
Accordingly, the order is reversed, the branches of defendant's motion seeking to strike the People's statement of readiness and dismiss the accusatory instrument on statutory speedy trial grounds are denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for a determination of the remaining branch of defendant's motion and for all [*2]further proceedings.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025